UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE
*Electronically Filed*

| | |
|---|---|
| STEPHANIE D. MAY and<br>C. ERIC MAY,<br><br>　　　Plaintiff(s),<br><br>v.<br><br>KIA MOTORS AMERICA, INC. and<br>KIA MOTORS CORPORATION,<br><br>　　　Defendant(s). | )<br>)<br>)<br>)　Civil No. 7:14-CV-12-ART<br>)<br>)<br>)<br>)　**JOINT REPORT OF PARTIES'**<br>)　**PLANNING MEETING AND**<br>)　**REQUEST FOR DISCOVERY PERIOD**<br>)　**LONGER THAN SIX MONTHS**<br>)<br>) |

*** *** *** ***

The parties submit the following Joint Report of Parties' Planning Meeting and, pursuant to the Court's Order for Meeting and Report entered April 16, 2014, jointly request a discovery period longer than six months. The "Attachment B" Scheduling Order which accompanied the April 16, 2014 Order is submitted herewith.

　　　1.　　The following persons participated in a Rule 26(f) conference on May 16, 2014, by teleconference: E. Todd Tracy, counsel for Plaintiffs and Linsey W. West, counsel for Defendant Kia Motors America, Inc. ("KMA").

　　　2.　　Initial Disclosures. Plaintiffs and KMA have exchanged Rule 26(a)(1) initial disclosures. The parties propose that Rule 26(a)(1) initial disclosures be served by Defendant Kia Motors Corporation ("KMC") within thirty (30) days after KMC's answer or other responsive pleading.

## REQUEST FOR DISCOVERY PERIOD
## LONGER THAN SIX MONTHS

Pursuant to the Court's Order for Meeting and Report entered April 16, 2014 and the Rule 26(f) meeting held May 16, 2014 by Plaintiffs' counsel and counsel for Defendant Kia Motors America, Inc. ("KMA"), the parties jointly request a discovery period longer than six months.  The parties request that the information contained herein, in addition to the Scheduling Order submitted jointly by the parties constitute a detailed discovery plan sufficient to allow the parties approximately 12 months for completion of all discovery.  In support of this request for an extended discovery period, the parties note:

- This is a product liability "crashworthiness" or "second collision" claim involving a 2006 Kia Sorento automobile (Complaint, ¶ 6).

- In general, crashworthiness claims often require more fact and expert discovery than other "first collision" product liability claims.

- In this case Plaintiffs' Complaint alleges the following defects in the 2006 Kia Sorento:

    a.   the vehicle failed to provide proper restraint because the side curtain airbag did not deploy;
    b.   the vehicle restraint violated principles of crashworthiness;
    c.   the vehicle's side structure and roof were weak and inadequately reinforced so the survival space wad destroyed;
    d.   the side and roof structure collapse failed to channel and distribute energy properly;
    e.   the side and roof structure violated principles of crashworthiness;
    f.   the vehicle was not properly tested;
    g.   the vehicle was not subjected to proper engineering analysis.

(Complaint, ¶ 13).

- The designer of the 2006 Kia Sorento, Defendant Kia Motors Corporation ("KMC") has not been served pursuant to the Hague Convention and is not before the Court.  On May 14, 2014, Plaintiffs' counsel and KMC's counsel agreed that KMC would not assert its rights under the Hague Convention in this matter and that KMC's responsive pleading will be served by the later of 30 days after May 14 or receipt of the Complaint sent by certified mail to KMC.  The parties have also agreed on timeframes for responses and

objections to written discovery to KMC and for depositions of KMC witnesses, which will be taken either in Korea or by video conference with the witness in Korea.

- Given the number and complexity of the claims pled in the Complaint, and the fact that the parties anticipate requests for depositions of individuals based in Korea, the parties believe that it is reasonable to allow the Plaintiffs until December 5, 2014, for Rule 26(a)(2) reports of expert witnesses.

- Given the number of claims and potential number of expert witnesses who may be identified to support those claims, Defendants anticipate a minimum time of forty-five (45) days from December 5, 2014 to January 19, 2015 to determine the experts who should be disclosed for the Defendants, and provide defense experts' reports pursuant to Rule 26(a)(2).

- The parties request until May 8, 2015 to complete discovery.

- As additional grounds for this extended discovery period, the parties note that issues pertaining to interpretation of deposition testimony and translation of documents may require more time than usual for discovery.

- Although it is difficult to predict the disciplines of experts who may be needed by either or both sides in a crashworthiness case, experts may be needed in the areas of automotive design, air bags, roof structure, biomechanical engineering, accident reconstruction, medicine, life care planning, forensic accounting and/or economics.

For these reasons, the parties jointly request entry of a discovery order which allows through

May 8, 2015 for completion of all discovery.

3. Discovery Plan. The parties propose the following discovery plan:

    (a)    Discovery will be needed on these subjects:

        1) The product liability "crashworthiness" claims pled by Plaintiffs in their Complaint; defenses raised in KMA's Answer and to be raised by KMC; comparative fault of Plaintiff Stephanie D. May; injuries and damages

    (b)    All fact discovery will be commenced in time to be completed by May 8, 2015.

    (c)    Reports from retained experts under Rule 26(a)(2) are due:

        1)    From Plaintiff by December 5, 2014.

        2)    From Defendants by January 19, 2015.

4. Other Items:

    (d)    The parties do not request a conference with the Court before entry of the scheduling order.

    (e)    The parties request a pretrial conference thirty (30) days prior to trial or at the Court's convenience.

    (f)    Plaintiff shall amend pleadings or join parties by December 19, 2014.

    (g)    Defendants shall amend pleadings or join parties by December 19, 2014.

    (h)    The parties agree that settlement cannot be evaluated at this time.

    (i)    This case should be ready for trial in August 2015 and should take approximately 12 – 15 trial days.

    (j)    Other matters:

        1)    The parties do not agree that this matter may be referred to a United States Magistrate Judge for any and all proceedings in this case, including the trial, pursuant to 28 U.S.C. § 636(c).

        2)    Counsel for the parties have the following trial conflicts after May 8, 2015:

| | |
|---|---|
| September 21 – 25, 2015<br>*Patton v. Yamaha,*<br>U.S.D.C., E.D. of KY,<br>Lexington Division | Linsey W. West, Counsel for Defendant, KMA |


/s/ E. Todd Tracy (w/permission)
E. TODD TRACY
ANDREW G. COUNTS
STEWART D. MATTHEWS
THE TRACY FIRM
5473 Blair Road
Suite 200
Dallas, TX 75231
ttracy@vehiclesafetyfirm.com
acounts@vehiclesafetyfirm.com
smatthews@vehiclesafetyfirm.com

JAMES RYAN TURNER
TALIAFERRO, CARRAN & KEYS, PLLC
1005 Madison Avenue
Covington, KY 41011
rturner@tmsck.com

GARY C. JOHNSON
DUSTIN ROBERT WILLIAMS
GARY C. JOHNSON, P.S.C.
110 Caroline Avenue
P.O. Box 231
Pikeville, KY 41502
gary@garycjohnson.com
dustin@garycjohnson.com
COUNSEL FOR PLAINTIFFS

/s/Linsey W. West
LINSEY W. WEST
KARA M. STEWART
DINSMORE & SHOHL LLP
250 West Main Street, Suite 1400
Lexington, KY  40507
Telephone: (859) 425-1000
Facsimile: (859) 425-1099

FRED J. FRESARD
BRIAN M. SMITH
DYKEMA GOSSETT PLLC
39577 Woodward Ave., Suite 300
Bloomfield Hills, MI  48304-5086
(248) 203-0843
**COUNSEL FOR DEFENDANTS**